[Crim. No. 4843. Second Dist., Div. Three. Jan. 12, 1953.]

THE PEOPLE, Respondent, v. FRANK R. TERRY,
Appellant.

Albert S. Friedlander, under appointment by the District
Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, for Respondent.

SHINN, P. J.—Frank R. Terry appeals from judgment
convicting him of one charge of burglary and two of assault
with a deadly weapon with intent to commit murder. He
was accused of and admitted a felony conviction in Ohio and
one in California for the latter of which he served a term in
state prison. Upon appellant's request counsel was appointed
by this court to represent him. (See *People* v. *Dodd,* 113
Cal.App.2d 682 [248 P.2d 965].) Appellant's counsel has
reported that on an examination of the record he has found
no meritorious ground for the appeal. We have made an
independent study of the record. There is no merit in the
appeal.

■ Appellant was working for a painting contractor preparing houses for applications of the employer's material. While working on the house of Mr. and Mrs. Bloodgood on a Friday he and Mrs. Bloodgood unfastened the screens and windows. Appellant had several knives which he used in his work. At about 3:30 a.m. Saturday Mr. and Mrs. Bloodgood arose and investigated a noise in the house. They turned on the lights and encountered a man who stabbed Mr. Bloodgood seriously with a knife and also stabbed Mrs. Bloodgood in the shoulder. Mrs. Bloodgood wrested the knife from the man and kept it. The man ran from the house to an old car parked in front of the house. Mr. and Mrs. Bloodgood saw the man distinctly and identified appellant as the one who had attacked them. Mr. Bloodgood's wallet, watch and ring were gone from the mantelpiece and some Christmas presents were missing. The intruder left a cap behind. He was arrested at his home shortly after 7 a.m. Saturday. His radio was on and appellant was listening to a police broadcast. He remarked to the officers that the police must want him badly and that he was nervous. Later that morning the police found a coat burning in appellant's incinerator. They recovered what was left of it. They exhibited the remains of the coat, the cap and the knife to appellant who admitted they were his. Although no blood was found on the coat an officer asked appellant how he accounted for blood on the coat and he replied that it came from a man who was cut in a fight in a barroom. He admitted having thrown a coat into the backyard but denied having burned it. He and his wife testified that he was in bed all Friday night and Saturday morning except for a brief time at about 3:30 when he went out into the alley and fought with an unknown man who was trying to break into the house.

The identification of appellant by Mr. and Mrs. Bloodgood was positive. The evidence justified the verdict. There were no errors in the admission or exclusion of evidence. The jury was fully and properly instructed. The appeal has no merit.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.